IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEFFERY JOHN LOUT, | Cause No. CV 21-102-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

This case comes before the Court on a document filed by Petitioner entitled, "Appellant Objections and Notice of Appeal to the United States District Court Based Upon the Montana Supreme Court's Failure to Adequately Recuse or Disqualify Themselves from the Case at Bar in which They are Conjoined in the Actual Controversy and Manifest Miscarriage of Justice." (Doc. 1.) Lout objects to the Montana Supreme Court's denial of his recent appeal and seeks this Court's "sua sponte" review under Fed. R. Civ. Pro. 60(b)(4). *Id*. at 4-5; see also, (Doc. 1-1 at 8.) Additionally, Lout seeks leave of the Court to file a successive habeas petition under 28 U.S.C. § 2244(b)(4). (Doc. 1-1 at 8-9.)

By way of background, Lout apparently filed a motion in the Ravalli County District Court seeking a reduction of his state sentences based upon purported due

1

process violations. See, *State v. Lout*, DA 21-0296, Or. at 1 (Mont. Sept. 7, 2021).[1]

The District Court summarily denied Lout's motion. *Id*. On appeal, the Montana Supreme Court found that the lower court's order was not appealable:

> Lout's motion was an attempt to challenge his convictions and sentence in two separate cases that are almost two decades old. There was no case pending before the District Court in which a motion could be properly filed.

*Id*. at 2. The Court dismissed the matter with prejudice. The Court further ruled that prior to filing any future challenges to his Ravalli County convictions and/or sentences, Lout must first obtain leave of the Court. *Id*.

In relation to his present filing, Lout is not entitled to any form of relief in this Court. As a preliminary matter, federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an exercise of appellate jurisdiction). Thus, it would be entirely inappropriate for this Court to

---

[1] Lout attached a copy of the Montana Supreme Court's order as an exhibit to his filings. See, (Doc. 1-2 at 2-4.)

review the decision of the Montana Supreme Court in the manner suggested by Lout. Further, Lout's belief that the Montana Supreme Court's judgment is void and his citation to Federal Rule 60(b)(4) does not confer appellate jurisdiction upon this court.

Additionally, as this Court has repeatedly advised Lout, he may not file a successive habeas petition in this Court until he obtains leave from the Ninth Circuit to do so.[2] This Court may not grant him leave to file a successive petition and has no jurisdiction to hear his claims. See e.g., *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lout's motion to proceed in forma pauperis (Doc. 3) is GRANTED.

2. This matter is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

3. This action is CLOSED. No further motions may be filed.

DATED this 20th day of September, 2021.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge

---

[2] See, *Lout v. State of Montana*, Cause No. CV 09-10-BLG-RFC-CSO, Or. (D. Mont. April 24, 2009); *Lout v. State of Montana*, Cause No. CV-11-35-H-DWM Or. (D. Mont. July 15, 2011); and, *Lout v. Fletcher*, Cause No. CV-18-07-H-BMM, Or. (D. Mont. April 6, 2018).